UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>OSAKPAMWAM HENRY OMORUYI,<br>OSARETIN GODSPOWER OMORUYI,<br><br>Defendants. | Case No. 21-cr-10217-DPW-DHH |

## JOINT INTERIM STATUS REPORT

The United States of America and the defendants, through undersigned counsel, respectfully submit this joint status report pursuant to Local Rule 116.5(b) in advance of the interim status conference scheduled for February 4, 2022.

1.  Discovery Status:  The government completed its production of automatic discovery in August 2021.  The government made supplemental productions of discovery in October 2021 and December 2021, the latter of which principally consisted of (i) materials pertinent to a co-conspirator charged in a separate case, but nevertheless potentially material to preparing a defense pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i), and (ii) extensive early Jencks and Giglio material.  At this time, the government does not anticipate additional discovery productions aside from pre-trial disclosures and other 21-day materials.  In total, the discovery produced to date is 27GB, and is therefore voluminous.

The defendants respectfully request that the Court deem this case "complex" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) based upon the hundreds of thousands of pages of discovery and hundreds of collective attorney hours to be spent reviewing discovery.  The government does not oppose this request.

At the Court's direction, the government has identified key discovery materials for the defendants. To date, the defendants have not served any discovery requests or produced reciprocal discovery. The Court entered a protective order governing discovery on August 13, 2021. *See* L.R. 116.5(b)(1)–(4).

2. <u>Pre-trial Motions</u>: During the interim status conference on December 17, 2021, counsel for defendant Henry Omoruyi indicated that there was a potential that he would file a motion to suppress, in which defendant Osaretin Omoruyi would join. At this time, the defendants are requesting a 60-day continuance to continue to review discovery with their clients, explore a potential resolution of this matter, and potentially prepare pre-trial motions. *See infra* ¶ 6; *see also* L.R. 116.5(b)(5).

3. <u>Expert Disclosures and L.R. 116.5(b)(7) Defenses</u>: Pursuant to the Court's order (Dkt. 71 at 2), the government's expert disclosures are due 30 days before trial, and the defendants' expert disclosures are due 21 days before trial. *See* L.R. 116.5(b)(6). Neither defendant intends to present a defense of insanity, public authority, or alibi. *See* L.R. 116.5(b)(7).

4. <u>Speedy Trial Act</u>: At the parties' request, the Court has excluded the period from the defendants' arraignment on July 26, 2021 through the date of the interim status conference scheduled for February 4, 2022. *See* Dkts. 53, 68, 72. Following the previous status conference, the Court's interim status report stated that "it appears that six days (from the filing of the indictment on July 20, 2021 to the July 26, 2021 arraignment) are chargeable against the statutory speedy trial clock." Dkt. 71 at 2. The government acknowledges its oversight in neglecting to move to exclude the period of time between indictment and arraignment. But the government respectfully submits that the chargeable period is five days, not six, because both the

date of indictment and date of arraignment are automatically excluded.  *See United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984) (collecting cases and concluding that while the period of time between indictment and arraignment is not excluded, "[t]he date of the indictment and the date of arraignment are excluded"); *cf. United States v. Papaleo*, 853 F.2d 16, 21 (1st Cir. 1988) (noting that the "date on which the motion is filed and the date on which the court disposes of the motion are part of this excludable period").  The parties jointly request that the Court enter an order on excludable delay pursuant to the Speedy Trial Act, and agree that the time from February 4, 2022 until the next interim status conference should be excluded.  *See* L.R. 116.5(b)(8).  The exclusion of such time is necessary in this complex case to allow defense counsel sufficient time to review the discovery produced and to confer with the defendants, to potentially explore a resolution of this matter, and to prepare pre-trial motions.  *See infra* ¶ 6.  The parties agree that the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.  *See* 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(ii), (iv); § 3161(h)(1)(G).

5.  <u>Plea Discussions and Trial Length</u>:  The parties have had more detailed plea discussions than the preliminary discussions that the parties brought to the Court's attention during the prior interim status conference.  *See* Dkt. 71 at 2.  Due to delays arising from the Omicron variant of the ongoing Covid-19 pandemic and the pandemic's impact on the defendants and their counsel, the parties are jointly requesting the below continuance, in part, to continue those discussions.  *See infra* ¶ 6.  At this time, the government expects that a trial would last two weeks.  *See* L.R. 116.5(b)(9).

6.  <u>Continuance of Interim Status Conference</u>:  In its prior interim status report, the Court stated that "[i]f the parties file a joint memorandum that addresses Local Rule 116.5(b)

which obviates the need for the status conference, the Court will waive the status conference." Dkt. 71 at 3. The parties do not believe that appearing for an interim status conference is necessary at this time, and thus jointly request that the hearing scheduled for February 4, 2022 be cancelled. *See* L.R. 116.5(b)(10). Neither defendant is detained. *See* Dkts. 32, 34. To facilitate the defendants' continued review of voluminous discovery, ongoing plea discussions, and potential preparation of pre-trial motions, the parties jointly request a 60-day continuance of the interim status conference. Subject to the Court's availability, the parties jointly request an interim status conference the week of March 28, 2022. Counsel for defendant Henry Omoruyi is expected to begin a two-week trial before Judge Hillman on March 14, 2022, and undersigned counsel for the government is expected to begin a three-week trial before Judge Talwani on March 8, 2022.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OSAKPAMWAM HENRY OMORUYI<br>By his attorney, | RACHAEL S. ROLLINS<br>United States Attorney |
| By: */s/ Peter Horstmann*<br>Peter Horstmann<br>450 Lexington Street, Suite 101<br>Newton, MA 02466<br>617-519-9011<br>pete@horstmannlaw.com | By: */s/ Ian Stearns*<br>Ian Stearns<br>Assistant United States Attorney<br>One Courthouse Way, Suite 9200<br>Boston, MA 02110<br>617-748-3208<br>Ian.Stearns@usdoj.gov |
| OSARETIN GODSPOWER OMORUYI<br>By his attorney, |  |
| By: */s/ Liam Scully*<br>Liam D. Scully<br>101 Summer Street, 4th Floor<br>Boston, MA 02110<br>liamscully@aol.com |  |

Date: January 27, 2022

## RULE 7.1 CERTIFICATION

      I hereby certify that I have conferred with counsel for the defendants, and that the parties agree to the relief requested in this joint initial status report.

                                              */s/ Ian Stearns*
                                              Ian Stearns
                                              Assistant United States Attorney

Date: January 27, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                              */s/ Ian Stearns*
                                              Ian Stearns
                                              Assistant United States Attorney

Date: January 27, 2022