UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) OSAKPAMWAN HENRY OMORUYI,<br>     a/k/a "Clifford Bernard" or "Bernard<br>     Clifford" and<br><br>(2) OSARETIN GODSPOWER OMORUYI,<br>     a/k/a "Nelson Bright" or "Bright Nelson,"<br><br>Defendants | Criminal No. 21-10217-PBS |

## MOTION FOR RESTITUTION ORDERS

The United States of America, by Joshua S. Levy, Acting United States Attorney, and Christopher J. Markham, Assistant United States Attorney for the District of Massachusetts, requests that the Court enter orders of restitution as to both defendants.

The Court sentenced both defendants but delayed an order of restitution pending further briefing. Dkt. 223 ("Restitution Deferred until 1/31/2024"). The Court has made its rulings with respect to the loss amounts associated with the charged scheme, including entering orders of forfeiture. The Court entered a forfeiture order of $713,812.32 as to Osakpamwan Henry Omoruyi, Dkt. 230, and a separate forfeiture order of $1,076,983.89 as to Osaretin Godspower Omoruyi, Dkt. 231.

Restitution orders are mandatory in this case and are the avenue by which recovered funds, including funds recovered pursuant to the Court's forfeiture orders, can be returned to the victims. *See, e.g., United States v. Soto*, 799 F.3d 68, 97 (1st Cir. 2015) (citing 18 U.S.C. § 3663A); *United States v. Morán-Calderón*, 780 F.3d 50, 51 (1st Cir. 2015) (a court's order must

account for the "full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant") (quoting 18 U.S.C. § 3664(f)(1)(A)).[1] Here, the Court has already calculated the amount of funds received by the defendants and entered corresponding orders of forfeiture. The Court must therefore, at a minimum, enter restitution orders in the same amounts: $713,812.32 as to Osakpamwan Henry Omoruyi and $1,076,983.89 as to Osaretin Godspower Omoruyi.[2]

Further, the government requests that the Court order that the defendants are jointly and severally liable for the full amount of victim losses. "It is well established that defendants can be required to pay restitution for the reasonably foreseeable offenses of their coconspirators." *United States v. Newell*, 658 F.3d 1, 32 (1st Cir. 2011). For example, even where a defendant personally receives less than 10 percent of the total fraud proceeds, the Court may order the defendant jointly and severally liable for the entire loss amount where "the defendant played an instrumental part in the conspiracy." *United States v. Ochoa*, 58 F.4th 556, 561 (1st Cir. 2023) (in a wire fraud conspiracy case, upholding a restitution order which made the defendant jointly and severally liable for the $3,473,701 obtained by the charged conspiracy, which was the full amount of the victims' loss, rather than the $230,000 that the defendant personally received). The government therefore requests that the Court enter orders of restitution as to both defendants, joint and several, in the amount of $1,790,796.21.

---

[1] Restitution and forfeiture are distinct and both are mandatory. *See, e.g., United States v. Bodouva*, 853 F.3d 76, 78–79 (2d Cir. 2017); *United States v. Arnold*, 878 F.3d 940, 946 (10th Cir. 2017) (collecting cases).

[2] The victims that are owed this money are identified in the PSR. After the restitution orders are entered, for the convenience of all parties, the government can provide the Court, U.S. Probation, and counsel for the defendants an itemized list of amounts owed that correspond to each of the previously-identified victims in an editable (.doc) format.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: */s/ Christopher J. Markham*
CHRISTOPHER J. MARKHAM
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                    By:    */s/ Christopher J. Markham*
                            CHRISTOPHER J. MARKHAM
                            Assistant United States Attorney

Date: December 23, 2023